IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RAYGAN MARTINEZ CLARITA | * | |
| Petitioner | * | |
| v. | * | Civil Action No. DKC-26-1841<br>Related Case: DKC-26-2258 |
| WARDEN | * | |
| Respondent | * | |

***

**MEMORANDUM OPINION**

Petitioner Raygan Martinez Clarita ("Mr. Clarita") filed a Petition for Writ of Habeas Corpus ("Petition") on May 8, 2026. ECF No. 1. Respondent, Warden Cleveland Friday filed a response to the Petition on May 29, 2026, asserting that the Petition is moot and is without merit because Mr. Clarita has received all pretrial credit to which he is entitled under the law. ECF No. 6. Mr. Clarita was granted an opportunity to address the allegations raised by Respondent and has filed a Reply which he supplemented. ECF Nos. 12, 13, 15. Mr. Clarita has also filed Motions to Accept Late Response, Requesting an Explanation Regarding the Removal of Special Project Credits, and for Status. ECF Nos. 14, 16, 17. His Motion to Accept Late Response will be granted as his Reply has been accepted for filing; the remaining two motions will be denied.

The issues have been fully briefed; there is no need for a hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2025); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). For the reasons that follow, the Petition shall be denied and a certificate of appealability will not issue.

BACKGROUND

On January 17, 2024, Mr. Clarita was arrested in Prince George's County, Maryland. ECF No. 1 at 7. He was sentenced on July 11, 2024, and, according to Mr. Clarita, was entitled to

receive 175 days of pretrial detention credit at that time. *Id*. He states that those credits were not properly applied to his sentence, causing him to remain in custody beyond the lawful term of his sentence. *Id*. at 8.

Respondent provides the following information regarding Mr. Clarita's term of confinement.[1] On February 14, 2024, the Circuit Court for Montgomery County, Maryland sentenced Mr. Clarita in case number C-15-CR-23000830 as follows: 15 years, all but five years suspended on count 3 of that case and 15 years, all but five years suspended on count 4 to run consecutively to count 3. ECF No. 6-1 at 1. The court did not award any pretrial detention credit against this term of confinement therefore the unsuspended 10-year term began on the date it was imposed, February 14, 2024. *Id*.

On July 11, 2024, the Circuit Court for Prince George's County, Maryland sentenced Mr. Clarita to five years concurrent to any outstanding sentence. This sentence also began to run on the date it was imposed, according to the commitment record issued by the court. ECF No. 6-2 at 1.

Both the Montgomery County and Prince George's County courts modified Mr. Clarita's sentences. On March 26, 2026, the Montgomery County court vacated count 4 in case number C-15-CR-23000830 and as to count 3, imposed a sentence of "20 years suspend all but 774 days DOC with credit for 774 days time served." ECF No. 6-4 at 2.[2] On April 27, 2026, the Prince George's County court modified the five-year sentence it imposed, giving it a starting date of

[1] Term of confinement is defined as the length of the sentence for a single sentence; or the period from the first day of the sentence that begins first through the last day of the sentence that ends last for concurrent sentences; partially concurrent sentences; consecutive sentences; or a combination of concurrent and consecutive sentences. Md. Code Ann., Corr. Servs. § 3-701.

[2] Notably, Mr. Clarita's five-year sentence from Prince George's County, with an expiration date of July 11, 2029, was still in place on the date the Montgomery County sentence was modified.

January 17, 2024, backdating the start date for this sentence by 176 days to account for the time Mr. Clarita spent in pretrial custody. ECF No. 6-5 at 1.

The modification of Mr. Clarita's sentences meant that his new expiration date was January 17, 2029, and the 985 days of diminution of confinement credits he received were subtracted from that date, resulting in his release from the custody of the Maryland Division of Correction ("DOC") on May 8, 2026. ECF No. 6-7. Mr. Clarita does not dispute that he was released from DOC custody on May 8, 2026.

DISCUSSION

Respondent asserts that the matters raised by Mr. Clarita were made moot by his release from custody. ECF No. 6 at 5-6. "A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution." *Aragon v. Shanks*, 144 F.3d 690, 691 (10th Cir. 1998) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990). The parties must continue to have a "personal stake in the outcome" of the lawsuit. *Id.* at 478 (quoting *Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983)). "This means that, throughout the litigation, the [petitioner] 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Spencer*, 523 U.S. at 7 (quoting *Lewis*, 494 U.S. at 477). While this court agrees that the Petition is moot, it is not entirely due to Mr. Clarita's release from DOC custody.

A federal petition for a writ of habeas corpus may be granted only for violations of the Constitution or laws of the United States. 28 U.S.C.A. § 2254(a). For a claim of relief to be cognizable for review, the petitioner must assert a violation of federal law. *See Wilson v. Corcoran*, 562 U.S.1, 1 (2010) ("Federal courts may not issue writs of habeas corpus to state prisoners whose

confinement does not violate federal law."); *see also Young v. Warden, Md. Penitentiary*, 383 F. Supp. 986, 1009 (D. Md. 1974) ("It is axiomatic that only the violation or denial of some federal constitutional right, and not alleged errors in the interpretation or application of state law, can be the basis for federal habeas corpus relief."), *aff'd*, 532 F.2d 753 (4th Cir. 1976). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (citations omitted).

Here, the only federal constitutional claim asserted by Mr. Clarita is the claim that he was denied pretrial credit. Under well-established law, a criminal defendant is constitutionally entitled to credit against his sentence for time spent in jail awaiting trial. *See Ham v. Stat of North Carolina*, 471 F.2d 406, 408 (4th Cir. 1973); *Mohr v. Jordan*, 370 F.Supp. 1149, 1152 (D. Md. 1974). Once Mr. Clarita was awarded pretrial detention credit by the state courts where he was sentenced, the solitary federal issue raised in his petition was made moot. The remaining claims regarding diminution of confinement credits are not federal claims and federal habeas relief cannot be granted on state law claims.

Sentence and diminution credit calculation issues generally are issues of state law and do not give rise to a federal question. *McCray v. Rosenblatt*, 1994 WL 320212 (4th Cir. July 6, 1994) (per curiam) (unpublished); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Pringle v. Beto*, 424 F.2d 515, 516 (5th Cir. 1970). Violation of a state law which does not infringe upon a specific constitutional right is cognizable in federal habeas corpus proceedings only if it amounts to a "fundamental defect which inherently results in a complete miscarriage of justice." *Hailey v. Dorsey*, 580 F.2d 112, 115 (4th Cir. 1978) (quoting *Hill v. United States*, 368 U. S. 424, 428 (1962)). A dispute over diminution credits does not rise to this level. *See Willeford v. Estelle*, 538 F.2d 1194, 1197 (5th Cir. 1976). If a "claim . . . rests solely upon an interpretation of [state] case

law and statutes, it is simply not cognizable on federal habeas review." *Wright v. Angelone*, 151 F.3d 151, 157 (4th Cir. 1998). *See Smith v. Moore*, 137 F.3d 808, 822 (4th Cir. 1998) (refusing to entertain claim that jury instruction misstated South Carolina law).

Because the only relief that this court could have provided has already been provided, the petition is now moot requiring its dismissal.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Buck v. Davis*, 580 U.S. 100, 115 (2017). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citation and internal quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Because this court finds that there has been no substantial showing of the denial of a constitutional right, a certificate of appealability shall be denied. *See* 28 U.S.C. § 2253(c)(2). Mr. Clarita may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

A separate order follows.

September 29, 2026

/s/
DEBORAH K. CHASANOW
United States District Judge